Linda MORENO, Appellant,

v.

BRITTANY SQUARE ASSOCIATES, L.P., B.S. Partners, Inc., and Tarantino Properties, Inc., Appellees.

No. 14–94–00273–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 9, 1995.

Rehearing Overruled April 6, 1995.

Jim Alan Adams, Rosenberg, for appellant.

Paul A. Hoefker, Houston, for appellees.

Before MURPHY, YATES and FOWLER, JJ.

## OPINION

YATES, Justice.

Appellant, Linda Moreno (Moreno), appeals from a summary judgment granted in favor of appellees, Brittany Square Associates, L.P., B.S. Partners, Inc., and Tarantino Properties, Inc., on the ground that Moreno failed to give notice of a property defect as required by the Texas Property Code. Because we find the Property Code inapplicable to Moreno's personal injury claim, we reverse and remand.

Appellees owned and managed the Brittany Square Apartments. Moreno and her husband resided at the Brittany Square Apartments pursuant to a lease at the time of the incident. In 1993, Moreno filed suit against appellees for personal injuries allegedly sustained on September 1, 1991, when she fell on the stairs inside her apartment. Moreno alleged the incident resulted from appellees' negligence in not providing rails on the stairway. Appellees denied Moreno's allegation and asserted the affirmative defense that Moreno's suit was barred by her failure to comply with the notice provisions in Chapter 92, Subchapter B of the Texas Property Code.

Appellees moved for summary judgment based solely on their affirmative defense. Moreno filed a response contending that the Property Code did not apply to her common law personal injury claim or to the management company, Tarantino, which did not purport to be the owner, lessor or sublessor of the property. After a hearing, the trial court granted appellees' motion for summary judgment.

In her first point of error, Moreno contends the trial court erred in granting summary judgment because Chapter 92 of the Texas Property Code "does not prevent a

tenant from pursuing a negligence action against a landlord, even though the tenant did not comply with the notice requirements in the lease."

A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant may establish its entitlement to summary judgment by proving each element of its affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true, the court indulging every reasonable inference and resolving all doubts in favor of the non-movant. *Nixon,* 690 S.W.2d at 548–49.

Moreno concedes she did not provide appellees with written notice of the alleged property defect, but she contends this was unnecessary because the Property Code notice requirements do not apply to her personal injury claim based upon common law negligence. Appellees' assert that, under TEX. PROP.CODE ANN. § 92.061, the Property Code provides Moreno's exclusive remedy for appellees' alleged failure to maintain and repair the leasehold and, therefore, Moreno's failure to comply with the notice provisions of Subchapter B, including sections 92.052 and 92.056 of the Property Code, bars her suit.

Section 92.061 provides:

> The duties of a landlord and the remedies of a tenant under this subchapter are in lieu of existing common law and other statutory law warranties and duties of landlords for maintenance, repair, security, habitability, and nonretaliation, and remedies of tenants for a violation of those warranties and duties. Otherwise, this subchapter does not affect any other right of a landlord or tenant under contract, statutory law or common law that is consistent with the purposes of this subchapter or any right a landlord or tenant may have to bring an action for personal injuries or property damage under the law of this state. This subchapter does not impose obligations on a landlord or tenant other than those expressly stated in this subchapter.

TEX.PROP.CODE ANN. § 92.061 (Vernon Supp. 1995).

Both parties rely on *Bolin Dev. Corp. v. Indart,* 803 S.W.2d 817 (Tex.App.—Houston [14th Dist.]), *writ denied per curiam,* 814 S.W.2d 750 (Tex.1991), the only case specifically addressing section 92.061. In *Bolin,* the tenants sued their landlord for property damages caused by a fire in a rented residence. 803 S.W.2d at 818. The tenants alleged negligence and breach of an implied warranty of habitability. *Id.* The jury found the residence uninhabitable and awarded property damages. *Id.* The jury also found the landlord negligent in failing to correct an electrical problem, but that the negligence was not a proximate cause of the fire. *Id.*

On appeal, a panel of this court addressed whether the predecessor to section 92.061, which contained language almost identical to the current version, precluded a tenant from recovering property damage under the implied warranty of habitability. 803 S.W.2d at 818–19. After noting that "Texas law does not permit tenants to seek damages for personal injury under a breach of warranty of habitability theory," and that the implied warranty of habitability first recognized in *Kamarath v. Bennett,* 568 S.W.2d 658 (Tex. 1978) had been abrogated by statute, this court held that "no action for breach of the common law implied warranty of habitability exists for recovery of property damages." 803 S.W.2d at 820. In so holding, the court also recognized that the tenants were not without a remedy because they could still bring a negligence cause of action against the landlord. *Id.* The *Bolin* court did not have before it the question presented to us.

Moreno alleges that appellees were negligent under the RESTATEMENT (SECOND) OF TORTS § 358 (1965) in failing to disclose a dangerous condition and that such negligence was a proximate cause of her injuries and damages. She does not allege violation of a statutory duty to repair nor does she seek termination of the lease or other relief enu-

merated in sections 92.052 and 92.056. Section 358 of the Restatement contains one of the few common law exceptions to the general common law rule that a landlord is not liable for personal injury to a tenant or tenant's guests resulting from a dangerous condition that existed when the lessee took possession. *Garza–Vale v. Kwiecien*, 796 S.W.2d 500, 502–3 (Tex.App.—San Antonio 1990, writ denied). Moreno claims that she can bring such an action without following the notice provisions of Subchapter B.

■ The purpose of Subchapter B, and its predecessor, art. 5236f, is to set forth the procedures tenants and landlords are to follow regarding conditions that need to be repaired on leased premises. Subchapter B imposes duties on both landlords and tenants and protects both from retaliatory acts of the other arising from the duty to repair. It was not intended to limit or preclude causes of action for personal injuries related to dangerous conditions on a leased property. *See generally,* TEX.PROP.CODE ANN., Chapter 92, subchapter B; *see also* McSwain & Butler, *The Landlord's Statutory Duty to Repair, Article 5236f: The Legislative Response to Kamarath v. Bennett,* 32 BAYLOR L.REV. 1 (1980) ("essentially the Act (art. 5236f) substitutes the statutory formula for the *Kamarath* implied warranty of habitability").

The express language of section 92.061 supports this conclusion. In construing a statute, we must give the words in the statute their ordinary meaning. TEX.GOVT CODE ANN. § 312.002(a) (Vernon 1988). The first sentence of section 92.061 states that "the duties of a landlord and remedies of a tenant under this subchapter are in lieu of existing common law and other statutory law warran-

ties and duties of landlords for maintenance, repair, security, habitability, and nonretaliation, and remedies of tenants for a violation of those warranties and duties." The third and final sentence in the statute states that "this subchapter does not impose obligations on a landlord or tenant other than those expressly stated in this subchapter." Thus, the landlord duties and tenant remedies specifically enumerated in Subchapter B are exclusive and replace any similar duties and remedies that existed at common law or by other statutory law. The duties and remedies set out in Subchapter B say nothing about personal injury claims. More importantly, the second sentence of section 92.061 distinctly provides that Subchapter B does not affect a party's right to bring an action for personal injuries.[1]

Under the circumstance alleged, Moreno could not have given notice of the dangerous condition because she alleges that she was unaware of the condition.[2] Under appellees' reading of Chapter 92, Subchapter B of the Property Code, a plaintiff could rarely, if ever, sue for personal injury damages resulting from such a defect because of the impossibility of providing notice under such a scenario. We hold that the Property Code does not preempt Moreno's personal injury claim. We sustain point of error one.

Having held the Property Code inapplicable to Moreno's personal injury claim, we need not address Moreno's second point of error. We reverse the judgment below and remand the cause to the trial court for proceedings consistent with this opinion.

---

1. Appellees attempt to analogize section 92.061 and Subchapter B to the Texas Smoke Detector Statute, TEX.PROP.CODE ANN. § 92.251–92.262 (Vernon 1984 and Supp.1995) and TEX.ALCO.BEV.CODE ANN. § 2.03 (Vernon Supp.1995). Although the Smoke Detector Statute and TEX.ALCO.BEV.CODE ANN. § 2.03 contain some similarities to the language in § 92.061, both the Smoke Detector Statute and TEX.ALCO.BEV.CODE ANN. § 2.03 expressly provide that the statutory remedies are in lieu of common law remedies. Thus, the legislature's intent to preempt common law remedies in those statutes is clear. If the Legislature had wanted to preempt personal injury claims under

section 92.061 it could have omitted the language: "this subchapter does not affect ... any right a ... tenant may have to bring an action for personal injury ... under the law of this state." Such "non-preemption" language is conspicuously absent from exclusionary sections in the Alcohol and Beverage Code and the Smoke Detector Statute.

2. There is evidence in the record that Moreno had prior knowledge of the alleged dangerous condition. However, as we noted, appellees did not move for summary judgment on that ground.