**Opinion issued November 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00651-CV

———————————

**IRMA K. ORTEGA, Appellant**

**V.**

**ERNEST DIXON MURRAH D/B/A MURRAH PROPERTIES, Appellee**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2013-17308

## MEMORANDUM OPINION

In this personal injury action, appellant, Irma K. Ortega, appeals the trial court's summary judgment in favor of appellee, Ernest Dixon Murrah, d/b/a Murrah Properties, who leased residential property to Ortega. Ortega broke her leg

after she slipped on water that had leaked from a broken pipe under the rental property's kitchen sink.  In six issues, Ortega argues that the trial court erred in granting summary judgment because Murrah owed Ortega a duty to repair the sink and his failure to repair was the cause of her injury.  We affirm.

## Background

The summary-judgment evidence shows that in July 2011, Ortega entered into a residential lease with Murrah, who gave her a telephone number and told her to call if anything needed repair.  Three months later, Ortega noticed water leaking from the plumbing under the kitchen sink.  Ortega's husband called the phone number Murrah gave them to report the problem.  Ortega adduced evidence that her husband called numerous times during October, November, and December, but no one came to fix the plumbing.  Ortega admitted that she never submitted her request for repairs to Murrah in writing.

In January 2012, while Ortega soaked dishes in the sink, the plumbing underneath the sink gave way, and water flooded onto the floor.  Ortega mopped up the water but knew that the floor was still damp.  She then left the room to attend to her baby in a different room.  When she returned to the kitchen, Ortega slipped and fell on the damp floor, breaking her leg.

Ortega sued Murrah for negligence and premises liability.  Murrah moved for summary judgment, arguing that he owed Ortega no duty to repair and,

alternatively, that his failure to repair was not the cause of Ortega's injury. Ortega argued in response that Murrah had a duty to repair the kitchen sink because (1) he agreed to make repairs in the written lease, (2) he undertook a duty to make repairs in a subsequent oral agreement, and (2) Texas Property Code section 92.052 imposed such a duty upon him. *See* TEX. PROP. CODE § 92.052. The trial court granted summary judgment in Murrah's favor, and Ortega appealed.

## Discussion

### A. Summary Judgment Standard

"We review a trial court's summary judgment de novo." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

When reviewing a summary judgment, we must (1) take as true all evidence favorable to the nonmovant and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R.

CIV. P. 166a(a), (c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant meets its summary-judgment burden, the burden shifts to the nonmovant, who bears the burden to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet).

## B.    Applicable Law

In either a negligence or premises-liability case, the plaintiff must establish a duty owed to the plaintiff, breach of the duty, and damages proximately caused by the breach. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Whether a duty exists is a question of law for the court. *Del Lago Partners*, 307 S.W.3d at 767. In premises-liability cases, the scope of the duty turns on the plaintiff's status. *Id.*

A lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased properties. *Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996); *see Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159, 160 (Tex. 1992) (noting general rule is that lessor of land is not liable to lessee or to others on land for physical harm caused by any dangerous condition existing when lessee took possession); *Morton v. Burton-Lingo Co.*, 150 S.W.2d 239, 240–41 (Tex. 1941) (where there is no agreement by landlord to

4

repair premises and he is not guilty of any fraud or concealment, tenant takes risk of his safety and the landlord is not liable to him or any person entering under his title or by his invitation for injury caused by reason of their unsafe condition); *see also Palermo v. Bolivar Yacht Basin, Inc.*, 84 S.W.3d 746, 748 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This rule stems from the notion that a lessor relinquishes possession of the premises to the lessee. *Endsley*, 926 S.W.2d at 285.

Texas courts do recognize exceptions to this general no-duty rule. For example, a lessor who agrees to repair the leased property owes a duty to exercise ordinary care in making the repair. *Id.*; *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 590 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A lessor may also be liable if he concealed defects on the leased premises or an injury is caused by a defect on a portion of the premises that remained under the lessor's control. *Id*.

## C. No Duty to Repair

Ortega does not contend that Murrah concealed a defect or that he retained control of the premises after she moved in. Rather, Ortega argues that Murrah may be held liable to her because (1) he voluntarily undertook a duty to repair the sink in the written terms of the lease or orally or (2) Section 92 of the Texas Property Code created such a duty. We address each of these arguments in turn.

### 1. The lease did not create a duty to repair

Ortega argues that the written lease contains an agreement by Murrah to make repairs. Specifically, she contends that the lease mentions various items that the tenant must repair, and a "reasonable tenant would infer from this that the things not listed are the responsibility of the landlord."

When interpreting a contract, we must ascertain and give effect to the contracting parties' intent. *Perry Homes v. Cull*, 258 S.W.3d 580, 606 (Tex. 2008). We focus on the language used in the contract because it is the best indication of the parties' intent. *Id.* We must examine the entire contract in an effort to harmonize and effectuate all of its provisions so that none are rendered meaningless. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.* 207 S.W.3d 342, 345 (Tex. 2006). We may not rewrite the contract or add to its language under the guise of interpretation. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003). Rather, we must enforce the contract as written. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000).

Paragraph 8 of the lease, entitled "Maintenance by Tenant," makes Ortega, not Murrah, responsible for various types of maintenance, including yard maintenance and cleaning and servicing of the stove and refrigerator. It obligates Ortega to, among other things:

> a. Comply with all obligations primarily imposed upon tenants by applicable provisions of building

6

and housing codes that materially affect health and safety.

b.    Keep the premises as clean as the condition of the Premises permits.

c.    Dispose of all ashes, rubbish, garbage, and waste in a clean and safe manner.

d.    Keep all plumbing fixtures in the Premises as clean as its condition permits.

e.    Use all electrical, plumbing, sanitary, heating, ventilating, air-conditioning and other facilities and appliances, in the Premises in a reasonable manner.

f.    Not deliberately or negligently destroy, deface, damage, impair or remove a part of the Premises, or knowingly permit any other person to do so.

. . .

h.    Maintain yard (including cutting, trimming, and watering grass, shrubs, and plants) at least as well as neighbors with nearby premises.

i.    Maintain refrigerator and stove in proper manner. This includes keeping them clean and serviced. (Landlord furnishes the stove and refrigerator in this property).

Paragraph 25 likewise gives rise to a duty *of Ortega* to pay for certain repairs. Entitled "Repairs," it provides that Ortega will "promptly pay for all plumbing, electrical, air conditioner, appliance and other type repairs, resulting from abuse, neglect, and/or ignorance." The plain language of these provisions cannot be read to impose *upon Murrah* a duty to repair or maintain plumbing. *Perry Homes*, 258

7

S.W.3d at 606 (language used in contract is best indication of parties' intent); *see Morton*, 150 S.W.2d at 241 (statement in lease to effect that repairs on property shall be at expense of lessee does not give rise to duty to repair by lessor).

Ortega nevertheless contends that, by setting forth various items for which she is responsible, the lease suggests or at least permits an inference that other items are Murrah's responsibility. But the Texas Supreme Court has long held that we must enforce contracts as they are written and not rewrite a contract to add to its language under the guise of interpretation. *Schaefer*, 124 S.W.3d at 162 (citing *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965)). Accordingly, we conclude that the terms of the lease did not impose upon Murrah a duty to repair the kitchen sink or plumbing.[1] *See Flynn v. Pan Am. Hotel Co.*, 143 Tex. 219, 223 (Tex. 1944) ("The general rule with respect to the duty of the lessor or landlord to make repairs, when the suit is by the tenant or the tenant's servant or others entering under the tenant's title, is that the landlord is under no obligation to make repairs in the absence of an agreement to the contrary.").

---

[1]  We note that paragraph 9 of the lease *permits* Murrah to enter the premises to make inspections and repairs. But a duty to repair does not arise from a lessor's reservation of rights for such access. *See Flynn v. Pan Am. Hotel Co.*, 183 S.W.2d 446, 451 (Tex. 1944) ("[T]he reservation by a lessor of a right to enter the premises to make such repairs and alterations as it may elect to make is not a reservation of control over a part of the building and an obligation on the part of the lessor to make repairs does not arise from the reservation of such right.").

8

## 2. No enforceable oral agreement to repair

Ortega adduced summary-judgment evidence that Murrah gave her his business card "when we moved in" and told her to call him "if we needed anything repaired." She argues that Murrah thus orally undertook to a duty to repair. Murrah responds that any oral promise is unenforceable because the lease prohibits oral modifications.[2]

Because the lease was for a one-year term, it was not required to be in writing. *See* TEX. BUS. & COM. CODE § 26.01(a)(1), (b)(5) (lease for term longer than one year must be in writing). "[A] written contract not required by law to be in writing, may be modified by a subsequent oral agreement even though it provides it can be modified only by a written agreement." *Pointe West Ctr., LLC v. It's Alive, Inc.*, 476 S.W.3d 141, 151 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (quoting *Robbins v. Warren*, 782 S.W.2d 509, 512 (Tex. App.—Houston [1st Dist.] 1989, no writ) (citing *Mar–Lan Indus., Inc. v. Nelson*, 635 S.W.2d 853, 855 (Tex. App.—El Paso 1982, no writ))). Accordingly, proof that a contract provision requires modifications to be in writing does not establish as a matter of

---

[2] The lease provides: **Entire Agreement/Amendment.** This Lease Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. *This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.* (Emphasis added.)

law that the parties did not modify the contract orally. *See id.*; *Robbins*, 782 S.W.2d at 512; *Mar–Lan*, 635 S.W.2d at 855.

However, to be enforceable, an alleged oral contract modification must satisfy all the essential elements of a contract. *See Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 228 (Tex. 1986). There must be both a meeting of the minds and new consideration to support the modification. *See id.* Here, Ortega argued that she fell within an exception to the general no-duty rule because Murrah orally agreed to make repairs. Accordingly, she bore the burden to raise a material fact issue sufficient to defeat summary judgment. *See Lujan*, 433 S.W.3d at 704 (if movant meets its summary-judgment burden, nonmovant bears burden to raise genuine issue of material fact precluding summary judgment). But Ortega adduced no evidence demonstrating new consideration, which was necessary to support Murrah's alleged oral agreement to provide repairs upon telephonic notice. *Hathaway*, 711 S.W.2d at 228 (alleged oral modification requires consideration). Accordingly, Ortega failed to adduce evidence to create a fact issue regarding the existence of an enforceable subsequent oral agreement by Murrah to undertake repairs with telephonic notice. *See id.*

Ortega cites *Blancett v. Lagniappe Ventures*, 177 S.W.3d 584 (Tex. App.—Houston [1st Dist.] 2005, no pet.), to support her assertion that Murrah owed her a duty to repair as a result of his alleged oral agreement, but this case does not

support her claim. Ortega correctly points out that the court of appeals reversed a summary judgment for the tenant in *Blancett*. *See id.* at 593. However, Blancett only added her failure to repair claim after the defendant lessor moved for summary judgment. *Id.* at 592. The trial court nevertheless granted final summary judgment for the lessor, and this Court reversed, holding that summary judgment on the failure to repair claim was improper because it had not been addressed in the lessor's motion for summary judgment. *See id.* Thus, *Blancett* does not address the merits of the plaintiff's failure to repair claim.

Ortega also argues that *Daitch v. Mid-American Apartment Communities*, 250 S.W.3d 191 (Tex. App.—Dallas 2008, no pet.), supports reversal. In that case, the lease required the lessor to make repairs only upon written notice from the tenant, and there was no evidence the tenant gave written notice of the need for repair. *Id.* at 195. *Daitch* actually supports Murrah's position, because it underscores the general no-duty rule. *Id.* The court of appeals concluded that although the landlord may have come within an exception to the no-duty rule by contracting to repair in the lease, its obligation to repair was only triggered by written notice from the tenant. *Id.* Because there was no evidence that the tenant ever gave written notice of a problem with the air conditioner, there was no evidence of a breach of duty by the landlord. *Id.* *Daitch* is thus unlike this case,

because the lease in *Daitch*, unlike the lease in this case, expressly obligated the landlord to make repairs upon written notice. *Id*.

In sum, Ortega's summary-judgment evidence failed to raise a fact issue regarding the existence of consideration, without which there can be no enforceable subsequent oral agreement by Murrah to repair based on telephonic notice. We therefore conclude that the alleged oral agreement did not give rise to a duty to repair.

### 3. Property Code Section 92.052 does not create a duty to repair

Ortega argues that section 92.052 of the Texas Property Code creates a landlord's duty to repair any condition that "affects the health and safety" of a tenant. Murrah responds that the Texas Supreme Court previously has held that Section 92.052 does not apply to personal injury actions.

Section 92.052 requires a landlord to make a diligent effort to repair conditions materially affecting the physical health or safety of an ordinary tenant under certain circumstances:

> (a) A landlord shall make a diligent effort to repair or remedy a condition if:
>
> > (1) the tenant specifies the condition in a notice to the person to whom or to the place where rent is normally paid;
> >
> > . . .
> >
> > (3) the condition:

> > (A)   materially affects the physical health or safety of an ordinary tenant.
>
> . . .
>
> > (d)   The tenant's notice under Subsection (a) must be in writing only if the tenant's lease is in writing and requires written notice.

TEX. PROP. CODE § 92.052.

In *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998), the Texas Supreme Court considered whether section 92.052 applies to personal-injury actions. It wrote: "It thus appears that subchapter B [which includes section 92.052] was intended to govern disputes between a landlord and a tenant over repairs and not liability for personal injuries resulting from premises defects actionable under the common law." *Id*. at 755. In concluding that the trial court should not have given an instruction based on section 92.052, the court held, "While [the instruction] correctly states a landlord's obligation to repair, it does not apply in a personal injury case and should not have been included in the charge." *Id*. Before *Timberwalk*, the Fourteenth Court of Appeals addressed a related argument—that a tenant's failure to comply with section 92.052 foreclosed an otherwise valid claim for personal injury—and came to a similar conclusion. *See Moreno v. Brittany Square Assocs.*, 899 S.W.2d 261, 262–63 (Tex. App.— Houston [14th Dist.] 1995, writ denied). The *Moreno* court held that the duties in Subchapter B were unrelated to personal injury claims. *Id.* at 263. Thus, a tenant

13

could maintain a personal injury claim *if* such a claim was otherwise available. *See id.*

Here Ortega argues that section 92.052 *creates* an exception to the no-duty rule and thus creates a personal injury claim where one is not otherwise available. Following *Timberwalk* and *Moreno*, we disagree and hold that section 92.052 does not create an independently actionable duty to repair in the context of a personal injury claim. *See Timberwalk*, 972 S.W.2d at 755; *Moreno*, 899 S.W.2d at 262–63.

In sum, we conclude that Murrah established his entitlement to summary judgment by conclusively proving that he owed Ortega no duty to repair, and that Ortega failed to raise a fact issue regarding the existence of such a duty under the lease, the alleged subsequent oral agreement, or Property Code section 92.052.

We overrule Ortega's first, second, and third issues.

## D.    Waiver and estoppel

In her fourth and fifth issues, Ortega argues that Murrah waived the right to rely upon the lease's written notice requirement and should be estopped from relying upon the requirement. Specifically, Ortega asserts that by "giving tenants a card with a phone number on it; telling them to call if they need repairs; agreeing to perform repairs when called; and listing specific items in the lease that the tenant must repair," Murrah has either waived the notice provision or is equitably estopped from enforcing it. But our holding does not turn on the lease's notice

provision.  Rather, we have concluded that the summary-judgment evidence did not raise a fact issue regarding whether Murrah had a duty to repair.

We overrule Ortega's fourth and fifth issues. [3]

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

Keyes, J., concurring.

---

[3] Because we hold that the trial court properly granted summary judgment in Murrah's favor based on the absence of a duty to repair, we need not address Ortega's sixth issue, in which she challenged the summary judgment to the extent it was based on lack of causation. *See Delgado v. Jim Wells Cty.*, 82 S.W.3d 640, 643 (Tex. App.—San Antonio 2002, no pet.) (where summary judgment correctly granted on one ground, appellate court need not address arguments attacking alternate grounds).