UNITED PARCEL SERVICE, Appellant,

v.

HELEN OF TROY CORPORATION, Appellee.

No. 6504.

Court of Civil Appeals of Texas, El Paso.

April 14, 1976.

Brock, Waters & Galey, Harold H. Pigg, Lubbock, for appellant.

Robert E. Rosenberg, El Paso, for appellee.

## OPINION

WARD, Justice.

Summary judgment was awarded to the plaintiff, as a shipper, and against its carrier which accepted three certified checks from the consignee. The certified checks were accepted by the carrier for a C.O.D. delivery. The shipper alleged that the checks were forged and worthless. We reverse the judgment of the trial Court and remand the cause.

The plaintiff, Helen of Troy Corporation, sent three shipments of hairgoods by the carrier, United Parcel Service, to a consignee, Hair Unlimited, at Racine, Wisconsin. The plaintiff alleged that the shipments were sent on a C.O.D. basis and that the carrier was instructed to collect "cash". It was alleged that the carrier misdelivered the hairgoods and accepted the fraudulently certified and worthless checks for the goods, and that the shipper suffered the loss of the amount of cash that the carrier was to collect from the consignee. Motions for summary judgment were filed by both parties after which the trial Court entered judgment for the plaintiff in the sum of $1,426.75, being the amount that the carrier was to collect in cash from Hair Unlimited. Findings of fact and conclusions of law were filed by the trial Court.

The summary judgment proof relied upon by the parties consisted of a sworn motion for summary judgment filed by plaintiff, a sworn answer filed by the defendant consisting of some six special exceptions and a general denial, admissions made by both parties, and answers of the defendant to the plaintiff's interrogatories.

By a general point the defendant complains of the summary judgment and under the point makes the attack that fact issues are present on each of the essential elements of the plaintiff's cause of action. At this time it is noted that findings of fact and conclusions of law have no place in summary judgment cases. 4 McDonald, Texas Civil Practice, § 17.26.13 (1971), and that a summary judgment sought should be granted and, if granted, should be affirmed only if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). The plaintiff's the-

ory of recovery was that the carrier, when receiving merchandise on a C.O.D. shipment, was acting on the specific condition that it would not deliver or relinquish possession of any of the property transported until all charges had been paid in cash. Under such a theory it is generally held that the C.O.D. obligation is a special service and only arises out of the contract between the shipper and the carrier. *National Van Lines, Inc. v. Rich Plan Corporation,* 385 F.2d 800 (5th Cir. 1967); see Annotation 27 A.L.R.3rd 1320. This contract then had to be proved by the plaintiff as movant for the summary judgment. The proof is not present that the defendant was obligated to collect cash on the C.O.D. delivery of hairgoods to Wisconsin. The defendant, in its answer to the request for admission, neither admits nor denies that its instructions were to receive cash. The plaintiff points out that these allegations are made by the plaintiff in its motion for summary judgment and this motion is verified. The motion as made is merely a part of the pleadings in this case and any statements therein do not suffice as summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971).

Further, there appears to be no proof that the certified checks which were accepted by the carrier were fraudulently certified. The carrier's answer to the interrogatories states that certified checks were accepted from the consignee and were forwarded to the plaintiff, and that the carrier had no knowledge as to whether or not the plaintiff had received the amount of payment on the certified checks.

■ Finally, the plaintiff's petition alleged that the goods were delivered to the wrong address. The carrier's proof is a denial of this allegation. Because these three essential elements of the plaintiff's cause of action are lacking, the first point is sustained.

It is noted that the carrier contests the proof upon which the damages were awarded. The trial Court awarded to the plaintiff the amount in cash that the defendant was to collect from the consignee. As pointed out, proof is lacking as to what the carrier agreed to collect, and the carrier's argument is sustained on this item. The carrier's argument that the plaintiff's burden was also to prove the lack of mitigating circumstances need not be decided on this appeal. See *Hungate v. Hungate,* 531 S.W.2d 650 (Tex.Civ.App.—El Paso 1975, no writ); *Herrin Transportation Company v. Robert E. Olson Company,* 325 S.W.2d 826 (Tex.Civ.App.—San Antonio 1959, no writ).

■ The carrier next presents a point, which for practical purposes is a cross point, wherein it complains of the action of the trial Court in refusing to grant its motion for summary judgment. The point is that the shipper accepted the three certified checks received from the consignee without qualifications and thereby ratified all acts of the carrier. The trial Court overruled the carrier's motion for summary judgment on the theory that a judgment for the carrier would, in effect, create a discrimination as to tariff rates. The Appellant argues correctly that the trial Court was in error in its findings, as there were neither pleadings nor summary judgment proof supporting that theory. However, neither can the Appellant's position in asking for rendition in its favor be sustained. In the first place, the issue of ratification was raised in the carrier's pleadings by a special exception. The special exception was a "speaking demurrer" and thus defective. It pointed to no defect or insufficiency in the plaintiff's petition as required by Rule 91, Tex.R. Civ.P., and was invalid. *Friedman v. Cohen,* 404 S.W.2d 372 (Tex.Civ.App.—Houston 1966, no writ); 2 McDonald, Texas Civil Practice, § 7.22 (1970). There was no other pleading as to the defensive issue or ratification before the trial Court, and to have granted a summary judgment for the movant-carrier without proper affirmative defensive pleading of ratification would have been improper. *DeBord v. Muller,* 446 S.W.2d 299 (Tex.1969); *Petroleum Anchor Equipment, Inc. v. Tyra,* 419 S.W.2d 829 (Tex.1967); Tex.R.Civ.P. 94.

■ In the second place, the issue of ratification was not established by the evi-

dence to the degree necessary to have sustained a summary judgment. An intention to ratify is said to be the essence of a ratification. 25 Tex.Jur.2d, Express Companies § 4 at 94 (1961). The summary judgment proof on this issue of intent was contested by the plaintiff's agent, and additionally, the question as to intent is not normally one for summary judgment. 4 McDonald, Texas Civil Practice, § 17.26.7 at 155 (1971). This last point for the Appellant is overruled.

The judgment of the trial Court is reversed and the cause is remanded for trial.