**MAR–LAN INDUSTRIES, INC.,**
**Appellant,**

v.

**Thomas NELSON, Appellee.**

**No. 08–81–00118–CV.**

Court of Appeals of Texas,
El Paso.

June 2, 1982.

854 ■

McCracken, Shields & Taylor, P. C., Beverly Martin, Carrollton, for appellant.

The Firm of Larry S. Parnass, Floyd Williams, Irving, Randy Golden, Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

WARD, Justice.

This is an appeal from a suit based upon a written employment contract. Trial was to a jury who found that the Defendant, Mar-Lan Industries, Inc., owed the Plaintiff, Thomas Nelson, several thousand dollars in salary, bonuses, and attorney's fees. Based on the findings, judgment was entered for the plaintiff. We reverse and remand.

Mar-Lan Industries manufactures electrical wiring harnesses. The company also operated a truck sales division. In 1974, they hired Thomas Nelson to work as a sales representative in this division. In October, 1976, Nelson was promoted to sales manager of the truck sales division and a written employment contract was entered which specified that effective October, 1976, he was to be paid $1,200.00 a month plus 1% of the gross sales of the truck division to be paid as an annual bonus. On December 16, 1976, Nelson was advised that Mar-Lan was having financial difficulties. After that discussion, his salary and bonus varied, but were paid to him at a reduced rate. His employment was terminated in December, 1978, and Nelson requested that Mar-Lan pay the back salary and bonuses due under his written contract. This suit ensued, and the jury awarded Nelson $3,252.77 as bonuses, $1,690.77 as salary, and $1,125.00 as attorney's fees for trial, and additional amounts in the event of an appeal. Mar-Lan appeals the judgment.

Point of Error No. One complains that the trial court erred in excluding evidence offered by Mar-Lan that the contract upon which Nelson based his claim was terminated in December, 1976, and that the work done thereafter was pursuant to a different contract than the one sued upon. The written employment contract upon which Nel-

son relied provided that its terms of agreement were indefinite and that it could be terminated by either party "upon –0– days notice." The contract also had a provision to the effect

> [T]hat no waiver or modification of this agreement or of any covenant, condition, or limitation herein contained shall be valid unless in writing and duly executed by the party to be charged therewith, and that no evidence of any waiver or modification shall be offered or received in evidence in any proceeding, arbitration, or litigation between the parties hereto arising out of or affecting this agreement unless such waiver or modification is in writing, duly executed as aforesaid.

On cross-examination of Nelson, the Defendant offered to prove that on December 16, 1976, the Plaintiff was told that if he wished to stay with the company, and that it was hoped that he would, his pay would be reduced to $250.00 per week. After the conversation he did stay until his contract was terminated. The trial court sustained the Plaintiff's objection to the introduction of this testimony, the objection being that the evidence was a violation of the parol evidence rule and of the clause contained in the written contract prohibiting any later oral variance.

We hold that the trial court was in error in sustaining the objection. In the first place, the parol evidence rule does not apply to agreements made subsequent to the written agreement. *Lakeway Company v. Leon Howard, Inc.*, 585 S.W.2d 660 (Tex. 1979). The rule does not prevent a written instrument to be later modified or changed by the parties by an oral agreement. *Hogg v. Jaeckle*, 561 S.W.2d 568 (Tex.Civ.App.— Tyler 1978, no writ). In the second place, a written contract not required by law to be in writing may be modified by a subsequent oral agreement even though it provides that it can be modified only by a written agreement. Such a written bargain or agreement is of no higher legal degree than an oral one, and either may vary or discharge the other. *Hyatt Cheek Builders-Engineers Company v. Board of Regents of the University of Texas System*, 607 S.W.2d 258 (Tex.Civ.App.—Texarkana 1980, writ dism'd.); *Adams v. Can-Dee Oil Corporation*, 357 S.W.2d 808 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.); 14 Tex.Jur.3d, Contracts, Section 247. The rule as stated in 17 Am.Jur.2d, Contracts, Section 467, is as follows:

> A person who has agreed that he will contract only by writing does not thereby preclude himself from making a parol bargain to change his agreement. There can be no more force in an agreement in writing not to agree by parol than in a parol agreement not to agree in writing, and every agreement of that kind is ended by the new one which contradicts it. Such a stipulation in the original contract may become inoperative because of modification or rescission, waiver or estoppel, or an independent contract.

This was an indefinite term employment contract which is considered performable within one year, and therefore does not fall within the statute of fraud. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773, 776 (Tex.1974). The evidence in question established the Defendant's position that the offer of a new arrangement for employment was made to the Plaintiff who then made his acceptance by his continued employment.

The Plaintiff also now argues that since the Defendant filed only a general denial, such evidence was inadmissible because of lack of pleadings. Since it was the Plaintiff's burden to prove not only the contract which it alleged, but also that the work was done under the terms of said contract, the Defendant under a general denial was entitled to show that the work was actually done under a different contract providing for a different method of compensation. *Warren Brothers Company v. A. A. A. Pipe Cleaning Company*, 529 S.W.2d 779 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

In view of our holding that the evidence was admissible and that the case must be remanded, we do not reach the Defendant's second point complaining of the form of the

submission. The judgment of the trial court is reversed, and the cause is remanded for new trial.