Richard C. **ROBBINS**, Appellant,

v.

Bruce **WARREN**, Appellee.

No. 01–89–00112–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 26, 1989.

Douglas Moran, Houston, for appellant.

Toby Boyer, Houston, for appellee.

Before SAM BASS, O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment.

Appellee, Bruce Warren, sued appellant, Richard Robbins, for breach of a contractual agreement to purchase shares of stock.

Warren moved for summary judgment, asserting in his motion that he had contracted with appellant to sell 14,900 shares of stock in Texas Belting and Mill Supply for $20,000. He attached, as part of his motion for summary judgment a copy of a letter dated April 2, 1984, signed by both parties. He asserts in his affidavit that the copy of the letter agreement is a true and correct copy. This document from appellant to appellee is set out below:

Per our agreement today, April 2, 1984, I have enclosed my check for $5,000 and the balance of $15,000 due in three equal installments. The next payment to be due in 60 days, in the amount of $5,000, next payment 30 days, final 30 days after. Also, Mr. Lea has agreed to let you have the 1978 Mercury Marquis, 4 door

Serial number 8z66A523080 and the 1977 Chevrolet pickup. Serial number CCL247F384249, and the 1979 Ford, Serial number F25JKEA9213. As we agreed, you will personally take care of getting Joe Henderson taken care of as far as whatever amount his lien is on the 1979 Ford. The vehicles will be changed over to your name in the next 30 days. Please return to me the signed stock certificate as agreed.

Sincerely,

Richard Robbins    Agreed: Bruce Warren

Warren also sets out in his motion certain selected questions and responses by appellant, taken from his first and second set of interrogatories. Neither set of interrogatories, nor the responses thereto are contained in the transcript. The excerpts in Warren's motion for summary judgment, were not properly authenticated and cannot be considered as summary judgment proof. *See Deerfield Land Joint Venture v. Southern Realty Co.*, 758 S.W.2d 608 (Tex. App.—Dallas 1988, no writ).

Warren's affidavit states that on April 2, 1984, he and Robbins had entered into an agreement in which he had agreed to sell Robbins 14,900 shares of stock in the Texas Belting and Mill Supply for $20,000; that the memorandum is a true and correct copy of the payment agreement; that he transferred the stock certificate representing the 14,900 shares on or about April 2, 1984; that Warren paid a down payment of $5,000 on or about April 2, 1984, and paid one installment payment of $1,000 by check dated June 12, 1984; that the $14,000 balance due is noted on the bottom of the check; that a true and correct copy of the check is attached; and that he did not agree to accept the down payment and the $1,000 installment in satisfaction of the obligation.

Robbins filed his response to Warren's motion for summary judgment, alleging that there was a genuine issue of material fact. He contends in his response that the 14,900 shares of stock were paid for with the transfer of the automobiles and the

cash previously paid, asserting accord and satisfaction and payment. He included certain selected questions, together with his answers, from Warren's first set of interrogatories. As stated above, the interrogatories are not contained in the record before this Court, and the excerpts are not properly authenticated. *Deerfield,* 758 S.W.2d at 610. In his response to the motion for summary judgment, Robbins also referred the court to his first amended answer.

Robbins attached his affidavit, stating that "in the months of April and May" he discussed the purchase of the stock with Warren; that Warren expressed an interest in acquiring the automobiles owned by the Texas Belting and Mill Supply; that the cars were listed as part of the assets of the corporation and had been used to establish the value of the stock that he had agreed to purchase; that he agreed that the transfer of the cars would be made "as a final satisfaction of the purchase price of the stock"; that Warren agreed that this transfer (of the cars) along with the cash previously paid would represent the total purchase price.

The trial judge granted summary judgment in favor of Warren and ordered that he recover from Robbins the sum of $14,000, plus prejudgment and postjudgment interest at a rate of 10%

■ Robbins urges two points of error. In his second point of error, he asserts that the trial court erred in not filing findings of fact and conclusions of law, although properly requested to do so. Findings of fact and conclusions of law have no place in a summary judgment case. *United Parcel v. Helen of Troy Corp.,* 536 S.W.2d 415 (Tex. Civ.App.—El Paso 1976, no writ); *Fulton v. Duhaime,* 525 S.W.2d 62, 64 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

In his first point of error, Robbins contends that the trial court erred in granting the motion for summary judgment because there were genuine issues of material fact.

■ Robbins' first amended answer cannot be considered as proof to defeat a motion for summary judgment. A motion for summary judgment must be supported by its own proof and not by reference to the pleadings. *Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 888 (Tex. App.—Houston [1st Dist.] 1987, no writ). Neither the motion for summary judgment nor the pleadings constitute summary judgment proof. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Sav. & Loan Ass'n.* 462 S.W.2d 540, 545 (Tex. 1971). Sworn or certified copies of supporting documents must be attached to an affidavit in support of a motion for summary judgment, or served with the motion. Tex.R.Civ.P. 166a(e).

On review of a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ Warren's summary judgment proof consists of his affidavit, the letter agreement dated April 2, 1984, and copy of a check issued by Robbins in the amount of $1,000. Warren's summary judgment proof establishes that there is a balance of $14,000 owing under the terms of the April 2, 1984 agreement. However, we must take as true Robbins' summary judgment proof and indulge every reasonable inference in his favor. Robbins asserts in his affidavit that during April and May he spoke to Warren on numerous occasions indicating a possibility that Robbins' conversations with Warren could have occurred after the letter agreement of April 2. He states that he agreed that the transfer of the automobiles would be made as a final satisfaction of the purchase price of the stock and that Warren agreed that this transfer along with the cash previously paid would represent the total purchase

price. The parol evidence rule does not apply to agreements made after the written agreement. *Mar–Lan Industries, Inc. v. Nelson,* 635 S.W.2d 853 (Tex.App.—El Paso 1982, no writ). In addition, the rule does not prevent the written instrument from being later modified by the parties by oral agreement. *Mar–Lan,* 635 S.W.2d at 855. Furthermore, a written contract not required by law to be in writing, may be modified by a subsequent oral agreement even though it provides it can be modified only by a written agreement. *Id.* There is an inference that the parties may have modified the purchase price of the stock agreed to in the April 2 agreement by a supplemental oral agreement.

We hold that a question of fact exists as to whether or not there was a supplemental agreement entered into between the parties as to the purchase price of the stock.

Appellant's point of error is sustained.

The summary judgment is reversed, and the cause is remanded to the district court.

SAM BASS, J., dissents.

SAM BASS, Justice, dissenting.

I respectfully disagree.

The affidavit by Richard C. Robbins states:

My name is RICHARD C. ROBBINS, and I am the Defendant in the above styled and numbered cause of action. I am capable of making this affidavit. I am competent to testify at the time of trial. I have examined the foregoing document and verify that is true and correct.

In the months of April and May, I had numerous occasions to speak to Plaintiff Bruce Warren in regard to the purchase of the stock of Texas Belting and Mill Supply. At various times, Mr. Warren expressed interest in acquiring the automobiles in the possession of Texas Belting and Mill Supply. As part of the original purchase of stock, such automobiles were listed as assets of the corporation. This property helped to establish the value placed on the stock. I agreed that the transfer would be made as a final satisfaction of the purchase price of the stock. Mr. Warren agreed that this transfer, along with the cash previously paid would represent the total purchase price. Mr. Warren was not obligated to sign over the stock until full satisfaction of all consideration had been made. He did in fact transfer the stock over indicating that he had been paid in full.

The affidavit does not state that the parties made a new agreement, oral or written. Instead, it singly tries to controvert the original letter agreement made by Mr. Robbins and duly accepted by Mr. Warren.

An unconditional written instrument cannot be varied or contradicted by parole agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument. *Town North Nat'l. Bank v. Broaddus,* 569 S.W.2d 489, 492 (Tex.1978).

I would, therefore, affirm the judgment of the trial court.