COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-371-CV
JACK LEWIS                                                                        
APPELLANT
V.
NORMANDY APARTMENTS                                                    
APPELLEE
------------
FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
Following a bench trial, the district court entered judgment for Appellee
Normandy Apartments in its forcible detainer suit against Appellant Jack Lewis.
The judgment awards Normandy the right to possession of the apartment occupied
by Lewis and $2,236.67 in unpaid rent. Lewis appeals from that judgment, raising
five issues. He claims that the district court's conclusions of law that the
June 23, 1998 lease was enforceable against him and that he received sufficient
notice to vacate were erroneous. We will affirm.
II. Background Facts
Lewis resided at Normandy for more than fifteen years and was employed as a
maintenance man for Normandy for more than ten of those years. According to both
Lewis and Normandy's manager, Carol Copeland, a June 23, 1998 lease is the most
recent lease between the parties. The lease ran from June 23, 1998, through
December 30, 1998, and provided for automatic month-to-month renewal of the
lease in the absence of thirty days' advance written notice of the tenant's
intent to move out.
Paragraph six of the lease provides that Lewis will pay rent of "$0 AS
LONG AS ON CALL EMPLOYEE[.]" The paragraph further states that any rent
must be paid "on or before the 1st day of each month (due
date) with no grace period." Paragraph ten of the lease, titled
"SPECIAL PROVISIONS," provides, in pertinent part:

 The following special provisions and any addenda or written rules furnished
 to you at or before signing supersede any conflicting provisions of this
 printed Lease Contract form.
 . . . .
 EMPLOYEE WILL RECIVE [sic] FREE RENT AS LONG AS STILL WORKING AT NORMANDY.
 IF EMPLOYEE IS TERMINATED 7 DAYS WILL BE GIVEN TO MOVE OUT. IF EMP LEAVES ON
 GOOD TERMS, HE MAY STAY AND PAY RENT.

Paragraph thirty-two of the lease defines the failure to pay rent as an event
of default entitling Normandy to end the tenant's right of occupancy by
providing a twenty-four hour written notice to vacate. In two places, the lease
states that Normandy's acceptance of late rent payments does not waive its right
to receive damages and past or future rent or continue with eviction
proceedings.
In December of 2000, although still employed by Normandy, Lewis began paying
$400 per month rent pursuant to an oral agreement with the apartment owner. As
part of that agreement, Lewis received an increase in pay to offset his monthly
rent payments. According to Lewis, there was no discussion about when his $400
rent payments would be due, and he paid his rent at the end of the month without
complaint by Normandy.
Normandy terminated Lewis's employment on May 2, 2001. Copeland testified
that Lewis left on good terms so he was free to stay in his apartment and pay
rent. Lewis stayed in his apartment; however, he failed to pay his June rent. On
June 22, 2001, Normandy provided Lewis with written notice to vacate, giving him
three days to vacate the apartment. Lewis failed to vacate the apartment;
Normandy filed a forcible entry and detainer suit in a justice of the peace
court.
A jury in justice court found that Normandy was entitled to possession of the
apartment and awarded Normandy $800 in damages. Lewis appealed the justice
court's judgment to district court. Following a bench trial de novo, the
district court entered a judgment awarding Normandy the right to possession of
the apartment and $2,236.67 in unpaid rent. The district court issued findings
of fact and conclusions of law. Specifically, the district court found that
"[b]y mutual verbal agreement, beginning in December, 2000, in exchange for
an increase in wages, Mr. Lewis agreed to begin paying $400.00 per month rent on
the apartment" and thereafter "breached the lease by failing to pay
full rent for May, 2001, and by paying no rent since May, 2001." The
district court impliedly concluded that the June 23, 1998 lease was enforceable
against Lewis and concluded that Lewis "was provided sufficient and
adequate notice to vacate."
III. Standard of Review
Conclusions of law, including implied conclusions of law, are always
reviewable. See W. Wendell Hall, Standards of Review in Texas,
34 St. Mary's L.J. 1, 188 (2002). We review a trial court's actual or implied
conclusions of law de novo as legal questions. See, e.g., Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied,
526 U.S. 1144 (1999) (applying de novo standard to question of subject-matter
jurisdiction); Michel v. Rocket Eng'g Corp., 45 S.W.3d 658, 667 (Tex.
App.--Fort Worth 2001, no pet.) (holding "[w]e review all questions of law
de novo."). A trial court's conclusion of law will not be reversed unless
it is erroneous as a matter of law. Arch Petroleum, Inc. v. Sharp, 958
S.W.2d 475, 477 (Tex. App.--Austin 1997, no pet.). Conclusions of law are not
erroneous and will be upheld on appeal if the judgment can be sustained on any
legal theory supported by the evidence. Copeland v. Alsobrook, 3 S.W.3d
598, 604 (Tex. App.--San Antonio 1999, pet. denied).
IV. Enforceability of the June 23, 1998 Lease
In his first through third points, Lewis complains that the June 23, 1998
lease was not enforceable against him for purposes of non-payment of rent.
Essentially, Lewis challenges the district court's implied determination to the
contrary, that is, that the June 23, 1998 lease governs the relationship between
the parties.
The lease clearly provides for automatic month-to-month renewal of its terms
following expiration of the initial lease period. Lewis never gave notice of
intent to move out and never moved out. Thus, pursuant to the lease terms, the
parties created a month-to-month tenancy.
Lewis claims that his oral agreement to pay $400 rent while he was still
employed by Normandy cancelled the lease. Although the lease provided that all
amendments must be in writing to be valid, contracts not required to be in
writing may be subsequently modified by oral agreement, even though the contract
requires all modifications to be in writing. Robbins v. Warren, 782
S.W.2d 509, 512 (Tex. App.--Houston [1st Dist.] 1989, no writ)
(citing Mar-Lan Indus., Inc. v. Nelson, 635 S.W.2d 853, 855 (Tex.
App.--El Paso 1982, no writ)). A contract modified by mutual consent becomes a
new agreement encompassing both the modified terms and that portion of the
preceding contract that remained unchanged. Greenbelt Elec. Co-op., Inc. v.
Johnson, 608 S.W.2d 320, 325 (Tex. Civ. App.--Amarillo 1980, no writ).
Consequently, Lewis's conversation with the apartment owner, which he testified
to, effectively altered the dollar amount due to Normandy each month under the
lease in spite of Lewis's continued status as a Normandy employee. Other than
the rent provisions outlined in paragraph six, the lease terms remained
unchanged and continued to be enforceable against Lewis.
Finally, the undisputed evidence showed that Lewis had previously agreed to
pay $400 per month rent and that $400 was a fair rental value for the apartment.
The court concluded that "[i]n the absence of an express agreement to the
contrary, the amount of rent Mr. Lewis became obligated to pay was the fair
market rental value of the apartment." In light of the testimony adduced at
trial and the express terms of the lease, we hold that the district court did
not err in concluding that the lease remained enforceable against Lewis. Lewis's
first through third points are overruled.
V. Notice to Vacate
In his fourth and fifth points, Lewis complains the district court erred in
concluding that Normandy provided him with adequate notice to vacate the
premises. Lewis testified that he understood the lease terms, including the
provision requiring him to begin making rental payments in the event that he
remained in the apartment after his termination. Nonetheless, Lewis admitted
that he failed to pay Normandy any rent in June, 2001, or any month thereafter
although he continued to occupy the apartment. Once Lewis was in default for
nonpayment of rent, the lease allowed Normandy to evict Lewis after providing
him with twenty-four hours' written notice. Lewis contends that the special
provision in paragraph ten granting an employee seven days' notice to vacate if
terminated is ambiguous. Therefore, Lewis argues, the provision must be
construed as entitling him to seven days' notice to vacate, rendering Normandy's
three-day written notice ineffective.
The lease is not ambiguous. Had Normandy elected to do so, it could have
required Lewis to vacate within seven days of his termination, that is, by May
9, 2001. Instead, Normandy allowed Lewis to continue occupancy and Lewis became,
as any other tenant, subject to the twenty-four hour notice requirement in case
of default. The seventy-two hour notice provided to Lewis on June 22, 2001,
clearly satisfied the lease requirements. In light of the express lease
provisions and Lewis's confessed acts of default, we hold that the district
court did not err in concluding that Lewis received adequate notice to vacate
the apartment. Lewis's fourth and fifth points are overruled.
V. Conclusion
Having overruled all of Lewis's points, we affirm the district court's
judgment.
 
SUE WALKER
JUSTICE
 
PANEL B: CAYCE, C.J.; GARDNER and WALKER, JJ.
[DELIVERED JANUARY 23, 2003]

1. See Tex. R. App. P. 47.4.