Jack Lewis v. Normandy Apartments

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-371-CV

JACK LEWIS APPELLANT

V.

NORMANDY APARTMENTS APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Following a bench trial, the district court entered judgment for Appellee Normandy Apartments in its forcible detainer suit against Appellant Jack Lewis. The judgment awards Normandy the right to possession of the apartment occupied by Lewis and $2,236.67 in unpaid rent.  Lewis appeals from that judgment, raising five issues.  He claims that the district court’s conclusions of law that the June 23, 1998 lease was enforceable against him and that he received sufficient notice to vacate were erroneous.  We will affirm.

II. Background Facts

Lewis resided at Normandy for more than fifteen years and was employed as a maintenance man for Normandy for more than ten of those years.  According to both Lewis and Normandy’s manager, Carol Copeland, a June 23, 1998 lease is the most recent lease between the parties.  The lease ran from June 23, 1998, through December 30, 1998, and provided for automatic month-to-month renewal of the lease in the absence of thirty days’ advance written notice of the tenant’s intent to move out.

Paragraph six of the lease provides that Lewis will pay rent of “$0 AS LONG AS ON CALL EMPLOYEE[.]”  The paragraph further states that any rent must be paid “
on or before the 1
st
 day of each month (due date) with no grace period
.”  Paragraph ten of the lease, titled “SPECIAL PROVISIONS,” provides, in pertinent part:

The following special provisions and any addenda or written rules furnished to you at or before signing supersede any conflicting provisions of this printed Lease Contract form.

. . . .

EMPLOYEE WILL RECIVE [sic] FREE RENT AS LONG AS STILL WORKING AT NORMANDY.  IF EMPLOYEE IS TERMINATED 7 DAYS WILL BE GIVEN TO MOVE OUT.  IF EMP LEAVES ON GOOD TERMS, HE MAY STAY AND PAY RENT.

Paragraph thirty-two of the lease defines the failure to pay rent as an event of default entitling Normandy to end the tenant’s right of occupancy by providing a twenty-four hour written notice to vacate.  In two places, the lease states that Normandy’s acceptance of late rent payments does not waive its right to receive damages and past or future rent or continue with eviction proceedings.

In December of 2000, although still employed by Normandy, Lewis began paying $400 per month rent pursuant to an oral agreement with the apartment owner.  As part of that agreement, Lewis received an increase in pay to offset his monthly rent payments.  According to Lewis, there was no discussion about when his $400 rent payments would be due, and he paid his rent at the end of the month without complaint by Normandy.

Normandy terminated Lewis’s employment on May 2, 2001.  Copeland testified that Lewis left on good terms so he was free to stay in his apartment and pay rent.  Lewis stayed in his apartment; however, he failed to pay his June rent.  On June 22, 2001, Normandy provided Lewis with written notice to vacate, giving him three days to vacate the apartment.  Lewis failed to vacate the apartment; Normandy filed a forcible entry and detainer suit in a justice of the peace court.

A jury in justice court found that Normandy was entitled to possession of the apartment and awarded Normandy $800 in damages.  Lewis appealed the justice court’s judgment to district court.  Following a bench trial de novo, the district court entered a judgment awarding Normandy the right to possession of the apartment and $2,236.67 in unpaid rent.  The district court issued findings of fact and conclusions of law.  Specifically, the district court found that “[b]y mutual verbal agreement, beginning in December, 2000, in exchange for an increase in wages, Mr. Lewis agreed to begin paying $400.00 per month rent on the apartment” and thereafter “breached the lease by failing to pay full rent for May, 2001, and by paying no rent since May, 2001.”  The district court impliedly concluded that the June 23, 1998 lease was enforceable against Lewis and concluded that Lewis “was provided sufficient and adequate notice to vacate.”

III. Standard of Review

Conclusions of law, including implied conclusions of law, are always reviewable.  
See
 W. Wendell Hall, 
Standards of Review in Texas
, 34
 St. Mary's L.J.
 1, 188 (2002).
  We review a trial court’s actual or implied conclusions of law de novo as legal questions.  
See
,
 e.g.
, 
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999) (applying de novo standard to question of subject-matter jurisdiction);
 
Michel v. Rocket Eng’g Corp.
,
 
45 S.W.3d 658, 667 (Tex. App.—Fort Worth 2001, no pet.)
 (holding “[w]e review all questions of law de novo.”).  A trial court’s conclusion of law will not be reversed unless it is erroneous as a matter of law.  
Arch Petroleum, Inc. v. Sharp
, 958 S.W.2d 475, 477 (Tex. App.—Austin 1997, no pet.).  Conclusions of law are not erroneous and will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence.  
Copeland v. Alsobrook
, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, pet. denied).

IV. Enforceability of the June 23, 1998 Lease

In his first through third points, Lewis complains that the June 23, 1998 lease was not enforceable against him for purposes of non-payment of rent. Essentially, Lewis challenges the district court’s implied determination to the contrary, that is, that the June 23, 1998 lease governs the relationship between the parties.

The lease clearly provides for automatic month-to-month renewal of its terms following expiration of the initial lease period.  Lewis never gave notice of intent to move out and never moved out.  Thus, pursuant to the lease terms, the parties created a month-to-month tenancy.

Lewis claims that his oral agreement to pay $400 rent while he was still employed by Normandy cancelled the lease.  Although the lease provided that all amendments must be in writing to be valid, contracts not required to be in writing may be subsequently modified by oral agreement, even though the contract requires all modifications to be in writing.  
Robbins v. Warren
, 782 S.W.2d 509, 512 (Tex. App.—Houston [1
st
 
Dist.] 1989, no writ) (citing 
Mar-Lan Indus., Inc. v. Nelson
, 635 S.W.2d 853, 855 (Tex. App.—El Paso 1982, no writ)).  A contract modified by mutual consent becomes a new agreement encompassing both the modified terms and that portion of the preceding contract that remained unchanged.  
Greenbelt Elec. Co-op., Inc. v. Johnson
, 608 S.W.2d 320, 325 (Tex. Civ. App.—Amarillo 1980, no writ).  Consequently, Lewis’s conversation with the apartment owner, which he testified to, effectively altered the dollar amount due to Normandy each month under the lease in spite of Lewis’s continued status as a Normandy employee.  Other than the rent provisions outlined in paragraph six, the lease terms remained unchanged and continued to be enforceable against Lewis.

Finally, the undisputed evidence showed that Lewis had previously agreed to pay $400 per month rent and that $400 was a fair rental value for the apartment.  The court concluded that “[i]n the absence of an express agreement to the contrary, the amount of rent Mr. Lewis became obligated to pay was the fair market rental value of the apartment.”  In light of the testimony adduced at trial and the express terms of the lease, we hold that the district court did not err in concluding that the lease remained enforceable against Lewis.  Lewis’s first through third points are overruled.

V. Notice to Vacate

In his fourth and fifth points, Lewis complains the district court erred in concluding that Normandy provided him with adequate notice to vacate the premises.  Lewis testified that he understood the lease terms, including the provision requiring him to begin making rental payments in the event that he remained in the apartment after his termination.  Nonetheless, Lewis admitted that he failed to pay Normandy any rent in June, 2001, or any month thereafter although he continued to occupy the apartment.  Once Lewis was in default for nonpayment of rent, the lease allowed Normandy to evict Lewis after providing him with twenty-four hours’ written notice.  Lewis contends that the special provision in paragraph ten granting an employee seven days’ notice to vacate if terminated is ambiguous.  Therefore, Lewis argues, the provision must be construed as entitling him to seven days’ notice to vacate, rendering Normandy’s three-day written notice ineffective.

The lease is not ambiguous.  Had Normandy elected to do so, it could have required Lewis to vacate within seven days of his termination, that is, by May 9, 2001.  Instead, Normandy allowed Lewis to continue occupancy and Lewis became, as any other tenant, subject to the twenty-four hour notice requirement in case of default.  The seventy-two hour notice provided to Lewis on June 22, 2001, clearly satisfied the lease requirements.  In light of the express lease provisions and Lewis’s confessed acts of default
, we hold that the district court did not err in concluding that Lewis received adequate notice to vacate the apartment.  Lewis’s fourth and fifth points are overruled.

V. Conclusion

Having overruled all of Lewis’s points, we affirm the district court’s judgment.

SUE WALKER

JUSTICE

PANEL B: CAYCE, C.J.; GARDNER and WALKER, JJ.

[DELIVERED JANUARY 23, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.