COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| 2005 HONDA CIVIC, | | No. 08-11-00304-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 371st District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC # S-10860) |

## **O P I N I O N**

This is an appeal from a motion for summary judgment granted in favor of the State of Texas in a forfeiture proceeding. For the reasons that follow, we reverse and remand.

### **FACTUAL SUMMARY**

The State filed a Notice of Seizure and Intended Forfeiture on July 23, 2010. Attached to the State's notice was a copy of a sworn statement by the seizing officer, Detective Willis, and a schedule of seized property identifying the subject property as a 2005 Honda Civic, VIN 1HGEM21915L049170.

On August 4, 2010, the owner, Robert DeValk, filed an answer asserting an interest in the 2005 Honda Civic, and denying "each and every, all and singular, the allegations set forth in Petitioner's Notice of Seizure and Intended Forfeiture." The answer also alleged that the vehicle was not used in the commission of a felony under Chapter 22 or Chapter 15.031 of Texas Penal

Code and is not contraband under Chapter 59 of the Texas Code of Criminal Procedure. Accordingly, DeValk claimed that the vehicle was not subject to seizure or forfeiture, and that it was not seized (1) by peace officers of the State of Texas in the course of their duties; and (2) in a lawful manner.

On April 27, 2011, the State filed a motion for summary judgment contending that there was no genuine issue as to any material fact necessary to establish each and every element of its cause of action. It attached three exhibits as summary judgment proof. "Exhibit A" included a copy of the Notice of Intended Forfeiture as well as the sworn statement of the seizing officer, Detective Willis. Detective Willis attested:

> I, Detective R.S. Willis #1053, am more than 18 years of age and have personal knowledge of the facts asserted below through my personal observations and investigations. I am competent to testify to those facts and under oath state that the following statements are true and correct:

> I am a peace officer under the laws of the State of Texas and am employed by the Saginaw Police Department, a law enforcement agency, currently assigned to the Criminal Investigations Unit, and do hereby acknowledge that under the authority of Chapter 59 of the Texas Code of Criminal Procedure, I seized the property listed on the attached Schedule of Seized Property, which by this reference is made a part hereof and under oath my factual and legal reasons for seizure of said property are as follows:

> On Thursday June 24, 2010 around 1104 hours, I, Detective R.S. Willis, was advised of a Sexual Assault of a Child that had occurred on Monday June 21, 2010. A forensic interview was done with the sixteen year old victim who stated the suspect, identified as Robert DeValk, picked him up from his residence in Burleson, Texas, in Johnson County, and drove him to his residence located at 616 Condor Trail, Saginaw, Texas, in Tarrant County. The victim described the suspect's car as a black, two door Honda. The victim stated he never really saw the interior of the vehicle because the lights never came on when he got inside the vehicle.

> On Friday June 25, 2010 around 0111 hours, I executed an Evidentiary Search Warrant at Robert DeValk's residence located at 616 Condor Trail, Saginaw, Texas. I located a black, two door Honda Civic, in the enclosed garage of the residence. I noted the vehicle matched the description the victim gave during the forensic interview. I observed the vehicle displayed Texas license

plate #BV5G001. I collected vehicle information and ran a check on the displayed tag and discovered that it was registered to Robert DeValk. I observed the Vehicle Identification Number on the dash displayed '1HGEM21915L049170'. The vehicle was photographed while parked in the garage. The vehicle was seized and transported to the Saginaw Police Department and temporarily stored in the secure sally port until the vehicle could also be searched.

On Friday June 25 2010, around 1630 hours, I began the search of the Honda Civic. I photographed the exterior and the interior of the vehicle. Inside the vehicle, I observed an insurance card in the glove box with Robert DeValk's name on it with the Honda Civic listed as being insured. I noted that when the key was in the 'On' position, the interior lights did not come on. I removed personal effects that belonged to Robert DeValk and placed them in the secured Property Room at the Saginaw Police Department. These items were later released to Robert DeValk.

Your Affiant seized all of the property listed on the attached Schedule of Seized Property as Affiant contends said property was used or intended to be used in the commission of and/or is proceeds gained from the commission of a felony under Chapter 22 Penal Code.

"Exhibit B" reflected that on April 18, 2011, DeValk was convicted of the federal offense of "receipt a child pornography," a class C felony. Exhibit C was a second affidavit from Detective Willis entitled "Affidavit of Seizing Officer." This affidavit was signed on April 26, 2011 and contained facts substantially similar to those in Exhibit A. In relevant part, the affidavit provided:

I received notification of a Sexual Assault of a Child on June 24, 2010. I attended a forensic interview with the sixteen year old victim who stated the subject, identified as Robert DeValk, picked him up from his residence in Burleson, Johnson County, Texas and drove him to his (the suspect's) residence located at [sic] Saginaw, Tarrant County, Texas. The victim described the suspect's car as a black, two door Honda. The victim stated that he never really saw the interior of the vehicle because the lights never came on when he got inside the vehicle.

On June 25, 2010, I executed an Evidentiary Search Warrant at Robert DeValk's residence.

. . . .

During the search, I also located a black, two door, Honda Civic in the

- 3 -

enclosed garage of the residence. I noted the vehicle matched the description the victim gave during the forensic interview.

.    .    .

On June 25, 2010, DeValk's 2005 Honda Civic bearing VIN 1HGEM21915L049170, was seized from 616 Condor Trail, Saginaw, Tarrant County, Texas. I believe the 2005 Honda Civic is contraband under Chapter 59, Texas Code of Criminal Procedure as it was used in the commission of a felony under Chapter 22, Texas Penal Code. In the alternative, I believe it is contraband under Chapter 59, Texas Code of Criminal Procedure as it was used or intended to be used to facilitate a felony under Chapter 15.031, Texas Penal Code.

On May 20, 2011, DeValk filed objections and an answer to the State's motion for summary judgment. He objected to Exhibit A on the grounds that the Notice was a pleading and therefore was improper summary judgment evidence. He also objected to Exhibit C because it contained multiple items of hearsay including (a) statements made by an alleged victim, (b) information from a license plate inquiry, and (c) information taken from documents in the vehicle sought to be forfeited.

At a hearing on the motion, The trial court sustained DeValk's objection to Exhibit A, "with regard to the notice of seizure itself but not with regard to the sworn statement of Detective Willis." It then entered judgment granting the State's motion: "The Court, after reviewing the pleadings and hearing argument, is of the opinion Petitioner's Motion for Summary Judgment produced evidence sufficient to show the property made the subject of this motion is subject to forfeiture under the provisions of Chapter 59 of the Texas Code of Criminal Procedure, and that Petitioner's Motion for Summary Judgment should be granted."

DeValk raises two issues on appeal. In Issue One, he contends the trial court erred in overruling his hearsay objections to statements within the exhibits and affidavits. Alternatively, in Issue Two, he argues that: "With or without its unviable evidence, the State did not establish as a matter of law a substantial connection between the property to be forfeited and the criminal

conduct alleged."

## SUMMARY JUDGMENT

We begin with the second issue in which DeValk challenges the summary judgment on the basis that the State failed to show any nexus between a specific crime and the 2005 Honda Civic as a matter of law. We agree.

### *Standard of Review*

The purpose of the summary-judgment procedure is to allow the trial court to promptly dispose of cases that involve unmeritorious claims or untenable defenses. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). A trial court's granting of summary judgment is a question of law which we review *de novo*. *Frost National Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). To prevail on a traditional motion for summary judgment, a movant must prove that there is no genuine issue regarding any material fact and he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Little v. Texas Department of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). To meet this burden, a movant must conclusively establish all essential elements of its cause of action or defense as a matter of law. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

### *Law on Forfeitures*

Forfeiture proceedings are civil in rem proceedings. TEX.CODE CRIM.PROC.ANN. art.

59.05(b)(West 2007); *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004). The State must prove by a preponderance of the evidence that the property is subject to forfeiture.[1] *See* TEX.CODE CRIM.PROC.ANN. arts. 59.01(2); 59.02(a), 59.05(b); *$27,877.00 Current Money of U.S. v. State*, 331 S.W.3d 110, 114 (Tex.App.--Fort Worth 2010, pet. denied). Under Chapter 59 of the Texas Code of Criminal Procedure, "[p]roperty that is contraband is subject to seizure and forfeiture." *See* TEX.CODE CRIM. PROC. ANN. art. 59.02(a). "Contraband" is defined as property of any nature, including real, personal, tangible, or intangible that is used or intended to be used in the commission of certain felonies. *See* TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)-(D); *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004); *State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991); *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987).

In forfeiture proceedings, the State must show probable cause for seizing a person's property. *See* TEX.CONST. art. I, § 9 (1876); *$11,014.00*, 820 S.W.2d at 784; *$56,700 in U.S. Currency*, 730 S.W.2d at 661. In the context of forfeiture statutes, "probable cause" is a reasonable belief that "a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute." *$11,014.00*, 820 S.W.2d at 784; *$56,700 in U.S. Currency*, 730 S.W.2d at 661; *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981). As the Supreme Court has noted, "[i]t is that link, or nexus, between the property to be forfeited and the statutorily defined criminal activity that establishes probable cause, without which the State lacks authority to seize a person's property." *$56,700 in U.S. Currency*, 730 S.W.2d at 661. In other words, to meet its burden of proof, the State must

---

[1] The State's authority to bring a forfeiture action is found in Chapter 59 of the Texas Code of Criminal Procedure; such right is statutory and does not exist by virtue of the Constitution or common law. *See* TEX.CODE CRIM.PROC.ANN. art. 59.01; *1976 Harley Davidson Motorcycle v. State*, 106 S.W.3d 398, 401 (Tex.App.--Corpus Christi 2003, no pet.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.--Corpus Christi 1989, writ denied).

establish a substantial connection or nexus between the seized property and the defined criminal activity. [2] *1.70 Acres v. State*, 935 S.W.2d 480, 486 (Tex.App.--Beaumont 1996, no writ), *citing $56,700*, 730 S.W.2d at 661.

### *Did the State Establish a Substantial Connection or Nexus Entitling it to Judgment as a Matter of Law?*

At trial, it was the State's burden to establish, by a preponderance of the evidence, a substantial nexus or connection between the 2005 Honda Civic and the statutorily defined criminal activity. *$11,014.00*, 820 S.W.2d at 785. The record includes Detective Willis's affidavit which states the following relevant facts: (1) Detective Willis was notified of a sexual assault of a child on June 24, 2010; (2) that he attended a forensic interview with the victim of the assault; (3) that the victim was sixteen years old; (4) the suspect was identified as DeValk; (5) according to the victim, DeValk would pick him up at his residence and drive him to DeValk's residence; and (6) that DeValk's car was a black two door Honda. Nowhere in the affidavit does it state where the alleged sexual assault of a child occurred or how the 2005 Honda Civic was used to facilitate the commission of that crime.

The record also includes a judgment of conviction, showing DeValk was convicted of receipt of child pornography in April 2011. Once again, none of the facts contained in the affidavit reveal any connection between DeValk's conviction for receipt of child pornography and the alleged sexual assault of the sixteen-year-old victim. Consequently the State failed to show that probable cause existed for the forfeiture of the vehicle as a matter of law.

---

[2] The substantial connection may be proved by circumstantial evidence. *$11,014.00*, 820 S.W.2d at 785; *see also Spurs v. State*, 850 S.W.2d 611 (Tex.App.--Tyler 1993, writ denied, reh. of writ overruled)(noting that in a contested forfeiture proceeding, the State, by direct or circumstantial evidence must establish a link or nexus between the property and the criminal activity by a preponderance of the evidence.).

On appeal, the State relies on certain facts contained only in the motion for summary judgment itself.[3] Admittedly, the motion itself provides a much more detailed version of the facts giving rise to this forfeiture action - facts which may be sufficient to probable cause as a matter of law. For example, the motion itself contains the following facts:

- the victim had been having sex with person he met on the internet by placing ads on Craigslist;

- the victim had been to DeValk's house on three occasions - after the first instance DeValk started picking the victim up at the victim's residence in his Honda Civic and driving the victim to DeValk's residence;

- once at DeValk's residence, DeValk took naked photographs of the victim;

- the second time the victim went to DeValk's house, DeValk also took video of the victim;

- the victim also sent DeValk a photograph of himself naked via email;

- after reviewing the victims computer and emails received from DeValk an evidentiary search and arrest warrants were obtained for DeValk;

- the arrest warrant was for sexual assault of a child and online solicitation of a minor.

---

[3] The State's brief provides the following in its statement of facts, none of which are present within any of the information provided as summary judgment proof:

- The victim stated that he had begun a relationship earlier that year, with a person he had met online.

- The victim reported to the police that he had been transported in the suspect's vehicle by the suspect, from his home to the suspect's home, *where the sexual encounters took place, and this had occurred on about three occasions*.

- [Detective Willis] also obtained information from the victim that detailed the electronic and personal contact between himself and DeValk.

- This had included the victim sending a photograph of himself naked to DeValk by email, and that DeValk had photographed and made videotapes of the victim in his home.

In relying on these facts, the State contends that the evidence is sufficient to prove the requisite connection or nexus between the 2005 Honda Civic and the crime committed as a matter of law.[4] The problem is that a motion for summary judgment is a pleading and pleadings are not proper summary judgment proof. *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *United Parcel Service v. Helen of Troy Corporation*, 536 S.W.2d 415, 417 (Tex.Civ.App.--El Paso 1976, no writ); *see also State v. American Legion Post No. 58*, 611 S.W.2d 720, 723 (Tex.Civ.App.--El Paso, 1981, no writ) and *Trinity Universal Insurance Co. v. Patterson*, 570 S.W.2d 475 (Tex.Civ.App.--Tyler 1978, no writ)(cases applying the rule that pleadings are not summary judgment evidence to a motion for summary judgment.). Thus, the references and statements made by the State in its motion for summary judgment do not constitute summary judgment evidence.

We conclude that the State failed to provide summary judgment evidence which would give rise to anything more than a mere surmise or suspicion that a substantial connection between the property to be forfeited and the criminal conduct alleged exists. *See $56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987). We therefore hold that the trial court erred in granting the State's motion for summary judgment. We sustain Issue Two. Because of our resolution of this issue, we need not address Issue One. We reverse and remand the judgment of the trial court.

---

[4] Specifically, the State argues in its brief that the following constitutes sufficient evidence:

> In the victim's statement to the Saginaw Police, he describes the vehicle DeValk used to transport him to DeValk's home **which is the location where the sexual assaults occurred. The victim described not only the sexual encounters, but stated that DeValk photographed him in the nude, and video-taped him in the nude and during various sexual acts, all of which took place in DeValk's home.**

[Emphasis added]. [Internal citations omitted].

May 22, 2013                          ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating