

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00260-CV

**ONE (1) 1992 CHEVROLET PK, VIN 1GCEC14Z4NE164549**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-13890
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  May 27, 2015

AFFIRMED

Following the driver's arrest for felony driving while intoxicated, the State filed an asset forfeiture proceeding against the driver's 1992 Chevy pickup truck, VIN 1GCEC14Z4NE164549. The State's motion for summary judgment was granted by the trial court and the vehicle's owner appealed.  We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    August 18, 2012 Arrest

On August 18, 2012, Timothy Edward Knoeppel was involved in an accident.  San Antonio Police Officer James Caviness witnessed Knoeppel drive the pickup truck away from the accident and park the vehicle at a nearby apartment complex.  Officer Caviness requested assistance and San Antonio Police Officer Felicia Martinez began an investigation.  Knoeppel exhibited signs of intoxication and Officer Martinez conducted several field sobriety tests.  After determining Knoeppel was intoxicated, Officer Martinez arrested Knoeppel for DWI.  Knoeppel consented to a blood draw and the Bexar County Medical Examiner's Officer determined Knoeppel's blood alcohol concentration was 0.14 grams of alcohol per deciliter of blood.  Based on Knoeppel's three prior driving while intoxicated offenses, he was charged with felony DWI.  *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2014).

### B.    Procedural History on the Asset Forfeiture

On August 24, 2012, the State initiated an asset forfeiture proceeding on Knoeppel's 1992 Chevy pickup truck, VIN 1GCEC14Z4NE164549, alleging Knoeppel used the 1992 Chevy pickup during the commission of a felony DWI offense.  On November 27, 2012, the trial court granted summary judgment for the State.  On appeal, the State conceded error and the case was remanded to the trial court for further proceedings.  *See One (1) 1992 Chevrolet Pickup, VIN 1GCEC14Z4NE164549 v. State*, No. 04-13-00086-CV, 2014 WL 60928 (Tex. App.—San Antonio Jan. 8, 2014, no pet.).

On June 6, 2013, while represented by counsel, Knoeppel judicially confessed to the allegations contained within the felony DWI indictment, specifically the DWI allegations of August 18, 2012 and four prior convictions: misdemeanor convictions from July 20, 1995, and

October 2, 1995, and felony convictions from March 4, 2004, and July 14, 2008. On February 13, 2014, the State filed its second motion for summary judgment relying on the following documents:

(1)     Affidavit of San Antonio Police Officer Trevor Borth;

(2)     Affidavit of San Antonio Police Officer Felicia Martinez;

(3)     Certified copy of Knoeppel's plea papers, waiver, and stipulation from his June 6, 2013 nolo contendere plea for the DWI offense underlying the cause of action;

(4)     Certified copy of a 1995 misdemeanor DWI conviction from Bexar County;

(5)     Certified copy of a 1995 misdemeanor DWI conviction from Travis County;

(6)     Certified copy of a 2004 felony DWI conviction from Comal County and the court's revocation of the community supervision in 2008;

(7)     Certified copy of a 2008 felony DWI conviction from Bexar County;

(8)     Affidavit of Carmen Ayala, the registered nurse who drew Knoeppel's blood; and

(9)     Bexar County Medical Examiner's Office Forensic Toxicology Laboratory Report showing Knoeppel's blood alcohol concentration at 0.14 g/dL.

On March 18, 2014, the trial court again granted summary judgment in favor of the State and this appeal ensued.

## SUMMARY JUDGMENT

### A.     Arguments of the Parties

Knoeppel contends that because the State's evidence does not conform to the State's Original Petition, the trial court erred in granting summary judgment.

The State counters that the State's Original Petition comports with the State's Motion for Summary Judgment because the suit was founded on Knoeppel's use of the truck during the commission of felony driving while intoxicated. Additionally, Knoeppel judicially confessed and stipulated to the evidence that established all of the essential elements of the State's cause of action.

**2.      Standard of Review**

"The purpose of the summary-judgment procedure is to allow the trial court to promptly dispose of cases that involve unmeritorious claims or untenable defenses." *2005 Honda Civic v. State*, 408 S.W.3d 528, 533 (Tex. App.—El Paso 2013, no pet.) (citing *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979)).  The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

We review a trial court's grant of summary judgment de novo.  *Mann Frankfort*, 289 S.W.3d at 848 (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 742 (Tex. App.—Texarkana 2008, no pet.).  "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not."  *Mann Frankfort*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).  "[W]e take as true all evidence favorable to [Knoeppel], indulging every reasonable inference and resolving any doubts in his favor."  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008) (citing *Knott*, 128 S.W.3d at 215).  A summary judgment will only issue if the movant meets its "burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law."  *Mann Frankfort*, 289 S.W.3d at 848.

**C.      Texas Code of Criminal Procedure Chapter 59**

Chapter 59 of the Texas Code of Criminal Procedure authorizes the forfeiture of contraband, which is used or intended to be used in the commission of certain felonies, or proceeds

derived from those felonies. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01(2)(A), 59.02(a) (West Supp. 2014); *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 Tag No. 3TMX16*, 140 S.W.3d 691, 692–93 (Tex. 2004) (citing *Hardy v. State*, 102 S.W.3d 123, 126–27 (Tex. 2003)) ("A civil forfeiture action is an in rem proceeding against contraband."). "'Contraband' is defined as property of any nature that is used or intended to be used in the commission of certain enumerated felonies." *Silver Chevrolet Pickup*, 140 S.W.3d at 692–93 (citing TEX. CODE CRIM. PROC. ANN. art. 59.01(2)). In a forfeiture proceeding, the State must prove the items seized constituted contraband and were subject to forfeiture. TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (West 2006); *$132,265.00 in U.S. Currency v. State*, 409 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

The State must prove "'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *2005 Honda Civic*, 408 S.W.3d at 533 (quoting *State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991)); *see also $27,877.00 Current Money of the U.S. v. State*, 331 S.W.3d 110, 114 (Tex. App.—Fort Worth 2010, pet. denied). We therefore turn to whether the State proved, as a matter of law, that no genuine issues of material fact existed as to any of the essential elements of the State's cause of action and that it was entitled to judgment as a matter of law. *See Mann Frankfort*, 289 S.W.3d at 848.

**D.      Analysis**

Elements of the State's cause of action, as set forth in the State's indictment and the State's motion for summary judgment include (1) 1992 Chevy pickup truck (2) forfeiture was pursuant to a lawful arrest, (3) the 1992 Chevy pickup truck was used during the commission of a DWI offense, and (4) the DWI was a felony based on Knoeppel's prior DWI convictions.

The record includes several officer affidavits and certified copies of Knoeppel's prior DWI convictions. Knoeppel's plea papers on the underlying felony included the following:

(1) Sworn statements of San Antonio Police Officers James Caviness, Dallas Wyeth, and Felicia Martinez;

(2) Knoeppel's signed judicial confession acknowledging "that all the allegations contained in the indictment are true and correct";

(3) Texas Department of Public Safety investigation; and

(4) San Antonio Police Department crash report

Additionally, Knoeppel was seen driving the 1992 Chevy pickup truck and the evidence conclusively proves that he was intoxicated at the time of the offense. The record supports a substantial connection that the 1992 Chevy pickup truck was contraband and as such it was subject to forfeiture. *See 2005 Honda Civic*, 408 S.W.3d at 533. Knoeppel's signed judicial confession further established the State's proof that he was driving while intoxicated and a substantial connection between the property and the criminal conduct.

## CONCLUSION

We conclude the State proved that the evidence demonstrated the existence of a substantial connection between the property to be forfeited and the criminal conduct alleged to exist. *See id*. The fact that the vehicle is contraband was conclusively established by Knoeppel's signed judicial confession. We further conclude the State proved, as a matter of law, that no genuine issues of material fact existed as to any of the essential elements of the State's cause of action and that it was entitled to judgment as a matter of law. *See Mann Frankfort*, 289 S.W.3d at 848. Accordingly, we affirm the trial court's judgment.[1]

Patricia O. Alvarez, Justice

---

[1] Because we conclude the evidence is sufficient to support the trial court's grant of summary judgment based on the State's motion, we need not address the State's alternative pleading.